ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JAMES M. LEFT (Cal. SBN: 173382)
Special Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0511
     Facsimile: (213) 894-0141
     E-mail: jim.left@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 11-436(A)-MRW |
|---|---|
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>HUGO RENE BAQUIAX</u> |
| v. | ) |
| HUGO RENE BAQUIAX, | ) |
| Defendant. | ) |

1. This constitutes the plea agreement between HUGO RENE BAQUIAX ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

//

//

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

   a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count first superseding information.

   b) Not contest facts agreed to in this agreement.

   c) Abide by all agreements regarding sentencing factors and the appropriate sentence contained in this agreement.

   d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

   g) Pay the applicable special assessment at or before the time of sentencing.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

   a) Not contest facts agreed to in this agreement.

   b) Abide by all agreements regarding sentencing factors and the appropriate sentence contained in this agreement.

   c) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for any violations arising out of defendant's conduct described in the

factual basis at paragraph 11. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the appropriate sentence after consideration of the relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in the single-count information, a violation of Title 8, United States Code, Section 1324a(a)(1)(A) and (a)(2), the following must be true: (1) defendant hired for employment an alien (that is, a person who is not a natural-born or naturalized citizen, or a national, of the United States); (2) with respect to that employment, defendant knew that the alien was or had become an unauthorized alien as the term is defined in 8 U.S.C. § 1324a(h)(3); and (3) defendant continued to employ that alien. Under 8 U.S.C. § 1324a(h)(3), the term "unauthorized alien" means, with respect to the employment of an alien at a particular time, that the alien is not at that time either (A) an alien lawfully admitted for permanent residence, or (B) authorized to be so employed by 8 U.S.C. § 1324a or by the Attorney General or the Secretary of Homeland Security.

5. To be subject to the criminal penalties in Title 8, United States Code, Section 1324a(f)(1), defendant must have engaged in a pattern or practice of violations of 8 U.S.C. § 1324a(a)(1)(A) and/or (a)(2).

//

PENALTIES

6. Defendant understands that statutory maximum penalties that the Court can impose for a violation of Title 8, United States Code, Section 1324a(a)(1)(A) and (a)(2), where the penalties in Section 1324a(f)(1) apply, is: 6 months imprisonment and a 1-year period of supervised release, or 5 years probation; a fine of $3,000 for each unauthorized alien with respect to whom such a violation occurs; and a mandatory special assessment of $25. As set forth in paragraph 11, the defendant admits that he engaged in a pattern and practice of violating 8 U.S.C. § 1324a(a)(2)(1)(A) and (a)(2), and thus the penalties in Section 1324a(f)(1) apply. Defendant also admits that the total number of unauthorized aliens involved in the charged offense is 20.

7. Defendant understands that the total maximum sentence for all offenses to which defendant is pleading guilty is: 6 months imprisonment and a 1-year period of supervised release, or 5 years probation; a fine of $60,000; and a mandatory special assessment of $25.

8. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory

maximum stated above.

9. Although the conviction at issue is a misdemeanor, defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold public office, and the right to serve on a jury. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11. Defendant and the USAO agree to the statement of facts provided below. Defendant and the USAO also agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying

5

criminal conduct or all facts known to either party that relate to that conduct.

The United States immigration laws provide that aliens who are not lawfully admitted for permanent residence (commonly known as "green card holders") and who do not have employment authorization issued by an agency within the Department of Homeland Security are not eligible for employment in the United States. Accordingly, it is unlawful for an employer to hire and to continue to employ such aliens.

From an unknown date until on or about December 2, 2010, defendant was a manager at the 907 Club, which was located at 907 South Hill Street in Los Angeles. In his capacity as a manager, defendant hired at least 20 female aliens to work at the 907 Club as dance hostesses. At the time of hiring for each person, defendant knew that each alien was not a permanent resident and did not have authorization for employment in the United States.

After the aliens were hired, defendant allowed these aliens to continue to work at the 907 Club, even though defendant knew that under the immigration laws, the aliens were not authorized to maintain employment. Defendant engaged in a pattern and practice of hiring and continuing to employ aliens who were not authorized for employment.

## SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentences available. Defendant understands that, after considering the Section 3553(a) factors, the Court will be free to exercise its

discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree that, for the charged offense, a Class B misdemeanor, the Sentencing Guidelines do not apply. Defendant and the USAO also agree that if the Sentencing Guidelines applied, defendant would fall within criminal history category I.

14. Accordingly, defendant and the USAO agree and stipulate that the appropriate sentence in this case is that defendant be ordered to: (a) pay a special assessment of $25 and a criminal fine of $10,000; (b) serve a sentence of three years probation, which shall include 300 hours of community service, and under terms to be set by the Court.

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial. Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

  e) The right to confront and cross-examine witnesses against defendant.

  f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

  g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court does not impose a term of imprisonment, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (d) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions

mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided that all portions of the sentence are at or below the statutory maximum specified above, and the Court imposes the stipulated fine of $10,000, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

//

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. Since all of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of

defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's sentencing determination, and (c) argue on appeal and collateral review that the Court's sentencing determination is not error. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect

11

1 | defendant's and the USAO's obligations not to contest the facts
2 | agreed to in this agreement.
3 |     25. Defendant understands that even if the Court ignores
4 | any sentencing recommendation, finds facts or reaches conclusions
5 | different from those agreed to, and/or imposes any sentence up to
6 | the maximum established by statute, defendant cannot, for that
7 | reason, withdraw defendant's guilty plea, and defendant will
8 | remain bound to fulfill all defendant's obligations under this
9 | agreement. Defendant understands that no one -- not the
10 | prosecutor, defendant's attorney, or the Court -- can make a
11 | binding prediction or promise regarding the sentence defendant
12 | will receive, except that it will be within the statutory
13 | maximum.

## NO ADDITIONAL AGREEMENTS

15 |     26. Defendant understands that, except as set forth herein,
16 | there are no promises, understandings, or agreements between the
17 | USAO and defendant or defendant's attorney, and that no
18 | additional promise, understanding, or agreement may be entered
19 | into unless in a writing signed by all parties or on the record
20 | in court.
21 | //
22 | //

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____    11/18/11
JAMES M. LEFT                      Date
Special Assistant United States Attorney


_____    11/18/11
HUGO RENE BAQUIAX                  Date
Defendant


_____    11/18/11
GREGORY NICOLAYSEN                 Date
Attorney for Defendant
HUGO RENE BAQUIAX

CERTIFICATION OF DEFENDANT

**DEFENDANT & COUNSEL: INITIAL THE TRUE STATEMENT AND CROSS-OUT THE OTHER:**

(1) This agreement has been read to me in Spanish, the language I understand best.

**OR:**

(2) I am fluent in English and have carefully read this agreement in its entirety.

I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        11/18/11
HUGO RENE BAQUIAX                       Date
Defendant

```
1                    CERTIFICATION OF INTERPRETER
2        I, _____N/A_____, am fluent in the written and
3   spoken English and Spanish languages.  I accurately translated
4   this entire agreement from English into Spanish to defendant HUGO
5   RENE BAQUIAX on this date.
6
7   _____N/A_____          _____
8   Interpreter                            Date
```

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am HUGO RENE BAQUIAX's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), and of the consequences of entering into this agreement. To my knowledge, no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    11/18/11
GREGORY NICOLAYSEN                  Date
Attorney for Defendant
HUGO RENE BAQUIAX